Wade v. Wade.

VIOLET L. WADE, by next friend, v. L. B. WADE et al.

HOMESTEAD.    *Possession.*    Renting out land, or farming it upon shares without living upon any part of it, though residing in a house adjoining the same, is not a possession of said land as a homestead, and does not give the homestead right.

Code cited:    Sec. 2114a.

FROM RUTHERFORD.

Appeal from the Chancery Court.    A. S. MARKS, Chancellor.

E. D. HANCOCK for complainant.

AVENT & CHILDRESS for defendants.

DEADERICK, C. J., delivered the opinion of the court.

In March, 1874, defendant, L. B. Wade, made a deed in trust, conveying a tract of 211 acres of land in Rutherford county, to secure certain creditors named in the deed.    The wife did not unite in the conveyance.

The trustee was about to sell the land according to the terms of the deed, when complainant, the wife of defendant, L. B. Wade, filed her bill to enjoin the sale and have her right or her husband's to a homestead in the land declared and established.

The bill shows that there was no dwelling-house upon the 211 acres, and that the complainant and her husband never in fact lived upon the land, but at the time of the execution of the trust deed and ever since, they lived upon a lot and in a house adjoining the 211 acre tract, belonging to the sister of defendant, L. B. Wade; that the 211 acre tract was rented or farmed upon the shares, said L. B. furnishing horses, etc., and taking part of the products of the land.

The defendants demurred to the bill, upon the ground that the facts stated did not authorize the relief prayed for. The chancellor sustained the demurrer, and complainant appealed.

The Code, section 2114a, provides that a homestead in the possession of the head of a family, etc., to the value of $1,000, shall be exempt from sale under legal process, and shall not be alienated by the husband without the consent of the wife.

But the 211 acres conveyed by the husband was never in his possession, as a homestead. He did not occupy it as a home, and the renting it out without living upon any part of it, cannot confer the right secured by the Constitution, and the statute passed pursuant thereto.

The demurrer was properly sustained by the chancellor, and the decree will be affirmed.